IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Phillip Foster, on behalf of himself and all others similarly situated, | Civil Action No.: 4:14-cv-4517-RBH |
| Plaintiff, | |
| vs. | **O R D E R** |
| M5 Hospitality Group, LLC, d/b/a Good Time Charley's and Pete Lloyd, individually, | |
| Defendants. | |

Plaintiff, Phillip Foster, on behalf of himself and all others similarly situated, initiated this action in this Court on November 25, 2014, alleging the following causes of action: (1) Violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203(m), 206 (Violation of Tip Credit/Failure to Pay Proper Minimum Wage); (2) Violation of FLSA, 29 U.S.C. § 207 (Failure to Pay Proper Overtime Wage); and (3) Violation of South Carolina Payment of Wages Act, S.C. Code § 41-10-10, et seq. (Unauthorized Deductions from Wages). On January 19, 2015, Defendants filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). In this motion, Defendants request the Court to dismiss the third cause of action for violation of the South Carolina Payment of Wages Act (hereinafter "Wage Act") on the basis that this claim is preempted by the FLSA. (ECF No. 11) Plaintiff filed a Response in Opposition to the motion, and Defendant filed a Reply. A hearing on the motion was held on July 21, 2015 at 10:30 a.m. Present at the hearing were Bruce E. Miller on behalf of the plaintiff and Benjamin A. Baroody on behalf of the defendants.

***Standard on Motion to Dismiss***. Federal Rule of Civil Procedure 12(b)(6) governs motions to

1

dismiss for "failure to state a claim upon which relief can be granted." The purpose of such a motion is to test the sufficiency of the facts alleged in a plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." While this standard "does not require 'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions,' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Rather, to survive a Rule 12(b)(6) motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The United States Supreme Court recently stated that

> [t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Iqbal*, 556 S. Ct. at 678 (quoting *Twombly*, 550 U.S. at 570). When ruling on a motion to dismiss, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

***Allegations of the Complaint.*** This action was brought as an opt-in collective action under the FLSA on behalf of a class of individuals employed by the defendants "who were nonexempt employees paid an hourly rate less than the minimum wage of Seven and 25/100 ($7.25) per hour, and either

2

received tips or shared in the mandatory tip pool ("Tip Pool")[1] created by GTC."  (Compl., ¶ 8, ECF No. 1) The action was also brought as an opt-out class action under Fed. R. Civ. P. 23 under the South Carolina Payment of Wages Act "on behalf of a class of all individuals employed by GTC, at any time within the three (3) years prior to the commencement of this lawsuit, who received 'wages' in the form either of tips or funds from a tip pool, and GTC deducted amounts from these wages without written or legal authorization." (Compl., ¶ 9)

The Complaint alleges that Defendant GTC owns and operates a restaurant at Broadway at the Beach in Myrtle Beach, South Carolina; that Plaintiff Foster was a server at the restaurant; and that GTC paid him an hourly wage less than the statutory minimum wage by taking the tip credit under the FLSA, 29 U.S.C. § 203(m).  The Complaint also alleges that GTC deducted 1% of tips for a mandatory tip pool and that the monies from the tip pool were paid to kitchen workers, who were not employees who are "customarily and regularly tipped employees."  (Compl., ¶ 22) The Complaint further alleges that GTC required servers to remit, from tips they received, one and 00/100 ($1.00) per day back to GTC for "breakage".  *Id*.

The First Cause of Action (minimum wage claim under the FLSA) alleges that the employer violated the provisions of the FLSA relating to the tip pool and that therefore it cannot utilize the tip credit provision.  As a result, the complaint alleges that the employer must pay the plaintiffs the full

---

[1] The FLSA provides: "In determining the wage an employer is required to pay a tipped employee, the amount paid such employee by the employee's employer shall be an amount equal to– (1) the cash wage paid such employee which for purposes of such determination shall be not less than the cash wage required to be paid such an employee on August 20, 1996; and (2) an additional amount on account of the tips received by such employee which amount is equal to the difference between the wage specified in paragraph (1) and the wage in effect under section 206(a)(1) of this title.  The additional amount on account of tips may not exceed the value of the tips actually received by an employee. The preceding 2 sentences shall not apply with respect to any tipped employee unless such employee has been informed by the employer of the provisions of this subsection, and all tips received by such employee have been retained by the employee, except that this subsection shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips." 29 U.S.C. Section 203(m).

minimum wage of $7.25 per hour, without credit for the tips received, and also the total amount of the tips deducted. The Second Cause of Action (overtime claim under FLSA) alleges that Defendants must pay the plaintiffs for all hours worked over forty (40) hours in a workweek, without any credit for tips received. The plaintiff seeks as remedies under the FLSA actual damages in the amount of the minimum wages and overtime due, liquidated damages, "the amount of tips deducted from their wages and redistributed illegally", and attorney's fees. (Compl., p. 8) The Third Cause of Action (South Carolina Payment of Wages Act claim) alleges that the defendants are an employer; that money received by the plaintiffs as tips constituted wages under the South Carolina Payment of Wages Act; and that "Defendants illegally deducted amounts from the wages of Plaintiffs and the members of the Plaintiff class without providing proper written notice as required by SCPWA § 41-10-30(A)." (Compl., ¶ 48) Plaintiff also alleges that the deductions were made wilfully and in bad faith. In the Third Cause of Action, the plaintiffs seek as remedies actual damages for wages due, treble damages, attorney's fees and costs, and injunctive relief.

*Applicable law*. "Congress enacted the FLSA to eliminate 'labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'" 29 U.S.C. § 202(a), cited by *Anderson v. Sara Lee Corp*., 508 F.3d 181, 192 (4th Cir. 2007). In furtherance of that goal, the FLSA provides for *minimum wage* and *overtime compensation* for workers. The Act "includes criminal penalties for willful violators of the minimum wage and overtime provisions; a private right of action permitting employees to sue in federal or state court to recover unpaid minimum wage and overtime compensation, liquidated damages, attorneys' fees, and costs; and authorization to the Secretary of Labor to supervise payment of unpaid compensation due under the Act and to bring actions for compensatory and injunctive relief for violations of the Act's

4

minimum wage and overtime provisions." *Kendall v. City of Chesapeake, Va.*, 174 F.3d 437, 443 (4th Cir. 1999), citing 29 U.S.C.A. §§ 206, 207, 215-17.

> Of course, our preemption inquiry must start [ ] with the basic assumption that Congress did not intend to displace state law. Consideration of issues arising under the Supremacy Clause starts with the assumption that the historic police powers of the States are not to be superseded by Federal Act unless that is the clear and manifest purpose of Congress. The purpose of Congress is therefore the ultimate touchstone of a preemption analysis. As a general proposition, the presumption that Congress did not intend to preempt state law is especially strong when it has legislated in a field which the States have traditionally occupied, such as protecting the health and safety of their citizens. And, the presumption is stronger still "against preemption of state remedies, like tort recoveries, when no federal remedy exists.

*Anderson*, 508 F.3d at 192 (alteration in original) (internal quotation marks and citations omitted).

The FLSA provides a floor for minimum wage and overtime and contains a savings clause allowing states to enact wage laws relating to minimum wage and overtime which are more generous to employees than the FLSA. The FLSA savings clause provides: "No provision of this [Act] shall excuse noncompliance with any Federal or State law or municipal ordinance establishing a minimum wage higher than the minimum wage established under the [Act] or a maximum work week lower than the maximum workweek established under this chapter." 29 U.S.C. § 218.

The South Carolina Wage Payment Act provides in S.C. Code Ann. § 41-10-30(A):

> Every employer shall notify each employee in writing at the time of hiring of the normal hours and wages agreed upon, the time and place of payment, and the deductions which will be made from the wages, including payments to insurance programs. The employer has the option of giving written notification by posting the terms conspicuously at or near the place of work. . .

The Act further provides that an employer shall not "withhold or divert" any portion of any employee's wages unless required or permitted by federal or state law "or the employer has given written notice of the deductions . . ." S.C. Code Ann. § 41-10-40(C).

*Arguments of counsel*. Defendants contend that the plaintiff's third cause of action under the

5

South Carolina Wage Payment Act is preempted by the FLSA because it is predicated upon a finding of FLSA violations relating to the tip credit and tip pool and is duplicative of the FLSA claims. In addition, they assert that the Wage Act does not contain any provisions regarding a tip credit or tip pool and that, in order to establish a violation under the Wage Act, Plaintiffs would have to establish FLSA violations first and then seek the remedies provided by the exclusive FLSA enforcement scheme. Defendants also assert in support of preemption that the remedies provided by the Wage Act differ from those provided by the FLSA and are in some respects more generous, e.g., a three year rather than a two year statute of limitations and treble damages. In support of their position, Defendants cite *Anderson* and two unreported cases from the South Carolina District Court, *Nimmons v. RBC Ins. Holdings, Inc.*, No. 6:07-2637, 2007 WL 4571179 (D.S.C. Dec. 27, 2007), and *McMurray v. LRJ Rests., Inc.*, No. 4:10-01435, 2011 WL 247906 (D.S.C. Jan. 26, 2011).

Plaintiff states that he does not seek payment of minimum wages or overtime (which are covered by the FLSA) in his third cause of action under the Wage Payment Act. Instead, he seeks return of the mandatory tip pool *deductions* and for breakage *deductions* that were allegedly taken without proper written notice as required by S.C. Code Ann. § 41-10-30(A).

*Analysis.* In *Anderson*, a class action was brought in state court alleging breach of contract, negligence, and fraud claims. Although the gravamen of the case was that the employer had failed to compensate the class members for time spent complying with a mandatory uniform policy, the plaintiffs did not attempt to allege any claims under the FLSA or any North Carolina state wage statute. After the case was removed to federal court, the defendants moved to dismiss on the basis of preemption by the FLSA. The Fourth Circuit held that the North Carolina common law claims were preempted by the FLSA under a theory of obstacle preemption, where those claims merely duplicated FLSA claims. The

6

court stated: "Crucially, though, the Class Members' state claims all depend on establishing that Sara Lee violated the FLSA, either in good faith or willfully. . . Without doubt, these state claims essentially require the same proof as claims asserted under the FLSA itself." 508 F.3d at 193. However, the court did acknowledge the FLSA savings clause that allows states to provide workers with more beneficial minimum wages and maximum workweeks than the FLSA. *See* 29 U.S.C. § 218(a). Importantly, the court also stated that the plaintiffs in *Anderson* did not contend that any North Carolina law "entitles them to unpaid wages." *Anderson*, 508 F.3d at 193.

The plaintiff in the case at bar points to the above sentence in *Anderson* indicating that the class members there did not maintain a claim under any state law regarding unpaid wages and urge this Court to find that their statutory wage payment claim is not preempted by the FLSA. Plaintiffs also cite an order by the Honorable Patrick Duffy, Senior District Judge, allowing a plaintiff to amend her complaint which originally alleged only FLSA causes of action regarding an allegedly invalid tip credit and tip pool to add a claim under the South Carolina Wage Payment Act. In *Alshehabi v. Hymans Seafood Co., Inc*., No. 2:14-cv-2724-PMD (D.S.C), ECF No. 68, Judge Duffy held that "it is not readily apparent that Plaintiff has failed to state a viable, separate and distinct cause of action under the SCPWA. Plaintiff's proposed SCPWA claim appears to hinge largely, if not entirely, on the notice requirements of section 41-10-30 of the South Carolina Code. . . The Court is unwilling to declare Plaintiff's proposed SCPWA claim *per se* implausible at this time." (ECF No. 68, p. 6)  The Court also ruled that "to the extent Plaintiff's proposed SCPWA claim is or could be construed as duplicative, Defendants' preemption arguments are more appropriately addressed by way of a dispositive motion. Indeed, in opposing Plaintiff's Motion to Amend, Defendants stop short of even identifying the theory of preemption upon which they attempt to rely." *Id*.

7

The plaintiff's points are well taken.  *Anderson* did involve state common law claims which relied on the FLSA for the source of the rights involved, unlike a claim based on the Wage Payment Act which creates its own rights and remedies.  In *Anderson*, the Fourth Circuit distinguished the situation where a state statute entitled an employee to unpaid wages.  The South Carolina Wage Payment Act requires employers to notify employees in writing of the wages agreed upon and the deductions that will be made from the wages.  S.C. Code Ann. § 41-10-30(A).  It further provides in Section 41-10-80 for recovery of "an amount equal to three times the full amount of the unpaid wages" in addition to other relief.  In the case at bar, the plaintiff's state law claim is based upon a wage payment statute, and the source of the plaintiff's rights and remedies is that statute.  The plaintiff has alleged in his complaint that tips constitute wages and that the employer made *deductions from his wages for the tip pool and for breakage without providing written notice of these deductions*.  Plaintiffs have also pled that they suffered damages from the same.  *See Bennett v. Lambroukos*, 303 S.C. 481, 401 S.E.2d 428, 429-430 (1991) (Action to recover unpaid wages in which the employer deducted monies from the plaintiff's paycheck for breakage without written notification; court noted that the provisions of the Wage Act are not limited to employers who are subject to the federal minimum wage law).

The allegations contained in the third cause of action of the plaintiffs' complaint are sufficient to plausibly state a claim under S.C. Code Ann. § 41-10-30.  A cause of action under the state wage statute is  separate and distinct from the FLSA claims. The South Carolina Wage Payment statute is broader than the FLSA in that it is not limited to controversies involving minimum wage and overtime[2]

---

[2] This Court's holding is consistent with a recent decision by a panel of the Fourth Circuit in *Trejo v. Ryman Hospitality Properties, Inc*., ___F.3d ___, 2015 WL 4548259 (4th Cir. July 29, 2015).  In *Trejo*, the servers conceded that they had been paid "a full minimum wage absent tips".  *Trejo*, 2015 WL 4548259, at *2.  However, they had allegedly not agreed to participate in a tip pool, but the restaurants took approximately 4% of their tips and redistributed them to

8

but applies to all wages due, and the plaintiff's claim is based on lack of written notice of deductions. Moreover, as in *Alshehabi*, the defendants have not briefed the three types of preemption at all, and granting a motion to dismiss on that basis would thus be premature. The defendants have not asserted that the plaintiff has not sufficiently pled the claim, only that the claim is preempted. Therefore, for the

---

bartenders, server assistants, busboys, and food runners. The servers brought suit under the FLSA and argued that Section 203(m) of the FLSA creates a private "free-standing right to bring a claim for lost 'tip' wages." *Id*. at *3. The majority of the Fourth Circuit panel stated: "Accordingly, in the Plaintiffs' view, 'all tips received by' them must be 'retained by' them and the Defendants must compensate them for these lost 'tip' wages. Even if these words, in isolation, could somehow be read to create such a right, § 203(m) 'is limited by the broader context of [the FLSA] as a whole.'" *Id*. The court held that, because the restaurants paid the plaintiffs the full minimum wage (without a tip credit), the plaintiffs failed to state a claim under the FLSA. *Id.*

> The FLSA is the minimum wage/maximum hour law. Given that context, § 203(m) does not state freestanding requirements pertaining to all tipped employees, but rather creates rights and obligations for employers attempting to use tips as a credit against the minimum wage. The FLSA requires payment of minimum wages and overtime wages only, and is unavailing where wages do not fall below the statutory minimum and hours do not rise above the overtime threshold. We thus find that the statutory requirements that an employer inform an employee of § 203(m) and permit the employee to retain all his tips unless the employee is in a tip pool with other regularly tipped employees does not apply to employees, like the Plaintiffs, who are seeking only the recovery of the tips unrelated to a minimum wage or overtime claim.

*Id*. (internal quotation marks and citations omitted).

The concurring opinion in *Trejo* found that substantive discussion of Section 203(m) was not necessary and that the case should be dismissed solely on the basis that Section 203(m) does not contain a private right of action:

> The FLSA establishes two separate means of enforcement: a private right of action for aggrieved employees, and a public enforcement power wielded by the Wage and Hour Division of the Department of Labor ("DOL"). . . . Section 216(b) of the FLSA is an express private right of action, under which employees may sue for damages when their employers violated the Act. But that private remedy is limited in an important respect: It is available only when an employee is owed 'unpaid minimum wages, or [ ] unpaid overtime compensation' as a result of a minimum-wage or overtime violation. DOL's enforcement powers are broader. . . . The injury that the Plaintiffs allege–that they have been required to share their tips with other employees in a way that does not conform to §203(m)'s 'tip-pooling' standards–simply is not of the sort redressable in a private FLSA lawsuit, whether or not it represents a violation of the Act's substantive protections.

*Id*. at *4-5 (alteration in original) (internal quotation marks and citations omitted). As noted in *Anderson*, the presumption that Congress did not intend to preempt state law is stronger when no federal remedy exists. *Anderson*, 508 F.3d at 192. It is unclear at this stage of the proceedings whether Plaintiff's claims are proper under the FLSA, in light of the FLSA's limited applicability to only claims for unpaid minimum wages or unpaid overtime compensation as a result of a minimum wage or overtime violation.

foregoing reasons, the Court concludes that the motion to dismiss should be denied at this stage.[3]

Support for this Court's ruling is found in several decisions by district judges in the Fourth Circuit. For example, in *Martinez-Hernandez v. Butterball, LLC*, 578 F.Supp.2d 816, 819-20 (E.D.N.C. 2008), the defendant moved for summary judgment on the plaintiff's "payday claim" on the basis of FLSA preemption. The plaintiff's complaint alleged that the employer violated the North Carolina Wage and Hour Act by failing to pay employees wages when due for all hours worked and overtime of one and one-half times their regular hourly rate. The court found that "this case is unlike *Anderson* in that Plaintiffs are not merely using state law to enforce their rights under the FLSA. They invoke neither the minimum wage nor the overtime provisions of the FLSA. As such, they are not preempted by the FLSA." *Id*. In *Butler v. DirectSat USA, LLC*, 800 F.Supp.2d 662 (D.Md. 2011), the defendant moved to dismiss a claim pursuant to the Maryland Wage Payment and Collection Law and the Maryland Wage and Hour Law on the basis of preemption by the FLSA. The court distinguished *Anderson* on the basis that it involved preemption of state common law claims and not state statutory claims. It then found: "Here the Maryland code provisions both create a right and a means of enforcing that right that provides additional remedies not available under FLSA, such as attorney's fees, interest, costs and 'any other relief deemed appropriate by the court.' While courts have held that state laws cannot enlarge the available remedy for FLSA violations, there is nothing in FLSA preventing states from creating a parallel regulatory scheme that provides additional protections of employees. Ultimately Plaintiffs will not be able to recover twice for the same injury, but they may be

---

[3] "Parties may plead alternative theories of liability, indeed as many theories as the facts will fit." *Polar Communications Corp. v. Oncor Communications, Inc*., 927 F.Supp. 894, 896 (D.Md. 1996). However, the plaintiff can only recover once for his damages resulting from the defendant's failure to pay wages as required by law. *See Mould v. NJG Food Service, Inc*, 37 F.Supp.3d 762 (D.Md. 2014), note 1. Alternative theories of recovery do not amount to entitlement to duplicative or double recovery.

entitled to the additional types of relief afforded by the MWHL." *Butler*, 800 F. Supp.2d at 672 (internal citations omitted). *See also, Hanson-Kelly v. Weight Watchers Internat'l, Inc.*, No. 1:10cv65, 2011 WL 2689352 at *2-4 (D.S.C. July 11, 2011) ("First, I find that Plaintiffs' NCWHA unpaid wage claim is distinct from their minimum wage claim. In Plaintiffs' NCWHA unpaid wage claim, they assert that Defendants failed to pay them for *all hours worked* . . . This claim is distinct from the claim under the FLSA, in which Plantiffs allege that Defendants have failed to pay them the *federal minimum wage*. . . Unlike in *Anderson*, however, in this case, Plaintiff specifically allege state law claims for unpaid wages."); *Mould v. NJG Food Service Inc.*, 37 F.Supp.3d 762, 774 (D.Md. 2014) (Motion for summary judgment denied on claim brought under Maryland statute requiring employers to comply with notice requirements before making deductions from wages, where the plaintiff also alleged violations of the FLSA); *McMurray v. LRJ Restaurants*, No. 4:10-cv-01435, 2011 WL 247906 at *2 (D.S.C. Jan. 26, 2011) ("To the extent that Plaintiff seeks compensation under the Wage Act for overtime pay otherwise required by the FLSA or alleges that he received less than the federal minimum wage . . . *Anderson* clearly provides that these claims are preempted by the FLSA and must be dismissed. However, in this case, Plaintiff is also seeking redress for Defendants' alleged failure to honor agreements to pay wages which may be in excess of minimum wage and failure to pay wages when due. These claims are separate and distinct from Plaintiff's FLSA claims. Accordingly, they are not preempted by the FLSA.") This result is also consistent with *Nimmons*,[4] a case upon which the defendants rely, in that the district court there found that the plaintiff's state law claim for failure to pay accrued vacation pay was not preempted by the FLSA.

---

[4] *Nimmons*, 2007 WL 4571179, n.1.

*Conclusion*

Based on the above analysis, the defendant's [11] Motion to Dismiss is denied.

**AND IT IS SO ORDERED**.

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, S.C.
August 24, 2015

12