IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Phillip Foster, on behalf of himself and all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>M5 Hospitality Group, LLC, d/b/a )<br>Good Time Charley's and )<br>Pete Lloyd, individually, )<br>)<br>Defendants. )<br>_____) | Civil Action No.: 4:14-cv-4517-RBH<br><br><br><br>**O R D E R** |

Before the Court is the defendants' "Motion for Clarification and/or Modification of Order" (ECF No. 42). Defendants move pursuant to Fed. R. Civ. P. 54(b) for an order clarifying and/or modifying the Order of this Court filed on August 24, 2015 (ECF No. 41). In that order, this Court denied the defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) the plaintiff's third cause of action for violation of the South Carolina Payment of Wages Act. The sole ground for Defendants' motion was that the South Carolina Payment of Wages Act ("Wage Act") claim was preempted by the Fair Labor Standards Act ("FLSA").

At the outset, Rule 54(b) does not provide a basis for any relief to the defendants. Rule 54(b) provides that, "when an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." The rule further provides that "[o]therwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry

of a judgment adjudicating all the claims and all the parties' rights and liabilities." The Court has not entered a final judgment regarding any claims or parties. In the subject order, the Court simply denied the defendants' motion to dismiss and held that "at this stage", the Court would not hold that the Wage Act claim was preempted by the FLSA. In doing so, the Court held that the plaintiff had stated a plausible claim under the Wage Act.

If the Court were to construe the defendants' motion as made pursuant to Fed. R. Civ. P. 59(e), the following standard applies: "[R]econsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 59.30[4] (3d ed.). The Fourth Circuit has held such a motion should be granted for only three reasons: (1) to follow an intervening change in *controlling* law; (2) on account of new evidence; or (3) "to correct a clear error of law or prevent manifest injustice." Collison v. International Chemical Workers Union, 34 F.3d 233, 235 (4th Cir. 1994) (emphasis added). Rule 59 motions "may not be used to make arguments that could have been made before the judgment was entered." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002). Nor are they opportunities to rehash issues already ruled upon because a litigant is displeased with the result. See Tran v. Tran, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001).

Defendants assert that the Court did not address the defendants' "primary argument in support of 29 U.S.C. Section 203(m) of the FLSA preempting Plaintiffs' claim under S.C. Code Ann. Section 41-10-30 of the SCWPA"[1] in its order. Defendants also request clarification as to whether they will be allowed to raise a preemption argument in a dispositive motion following discovery. The defendants' argument regarding preemption in the motion to dismiss was that the Wage Act is preempted by the FLSA because it is predicated upon a finding of FLSA violations

---

[1] ECF No. 42-1, p. 1

relating to the tip credit and tip pool and is duplicative of the FLSA claims.   The defendants seem to now assert that their primary argument was that the requirement in the FLSA of notice by employers to employees of a tip-pooling arrangement preempts the requirement of written notice of deductions in the SCWPA.  However, the Court finds that a fair reading of the defendants' motion to dismiss indicates that it was not based on the notice provision of the FLSA.

This Court found that the Wage Payment Act is broader than the FLSA in that it applies to all wages due, not simply minimum wage and overtime, and is based on alleged lack of written notice of all deductions.  However, the Court indicated that the preemption issues had not been fully briefed and that "granting a motion to dismiss on that basis (preemption) would thus be premature." (ECF No. 41, p. 9)     Therefore, at the pleading stage, this Court found that the motion to dismiss on the basis of preemption should be denied.  To clarify the previous order, the defendants are not precluded from filing a dispositive motion on the basis of preemption.  Defendants may also include in a dispositive motion any arguments regarding the Fourth Circuit's recent Trejo case.

**AND IT IS SO ORDERED**.

                                                s/ R. Bryan Harwell
                                                R. Bryan Harwell
                                                United States District Judge

Florence, S.C.
October 7, 2015